UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA FEINMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:08cv02188 |
| ) | |
| v. ) | Hon. Emmet G. Sullivan |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff's motion for leave to amend her complaint should be denied because it would be futile to permit the requested amendment. The claim that plaintiff attempts to add is based on facts that have already been resolved. Plaintiff submitted Freedom of Information Act ("FOIA") requests to the FBI for records regarding foreign nationals. Initially, the FBI requested that plaintiff provide privacy waivers from those foreign nationals before it would process plaintiff's requests. No dispute presently exists with respect to the processing of plaintiff's FOIA requests, however, because the FBI agreed to process those requests without privacy waivers. Consequently, there is no need for judicial resolution of any live case or controversy. Thus, it would be futile to allow plaintiff to amend her complaint, and her motion should be denied.

**STATEMENT OF FACTS**

Plaintiff attempts to amend her 14 count FOIA complaint to add a count under the Administrative Procedure Act (the "APA"). Under that proposed APA count, Count 15, plaintiff would challenge the FBI's request for privacy waivers before processing FOIA requests for information regarding foreign nationals. See First Am. Compl. ¶¶ 111-21 (copy attached as

Ex. A to Pl's Mot. to Amend (Docket #8)).  Despite her request to amend, plaintiff does not identify any present FOIA request for information regarding foreign nationals that the FBI has declined to process.

To the contrary, the FBI has agreed to process all of plaintiff's FOIA requests that are at issue in her original complaint without privacy waivers.  On December 17, 2008, plaintiff filed her original complaint in this action, which sought among other things, FBI records regarding two foreign nationals.  See generally Compl. (Docket #1).  Specifically, Counts 5 and 6, sought FBI records regarding Khalid Shiekh Mohammed and Richard Reid.  See id. ¶¶ 53-66.  At the administrative level, the FBI did not process those requests because plaintiff did not submit privacy waivers from those two foreign nationals.  See Decl. of Bradley Moss ¶ 6 (copy attached as Ex. B to Pl's Mot. to Amend (Docket #8)).  Shortly after the filing of this lawsuit, however, the FBI agreed to process those two FOIA requests without privacy waivers.  See First Am. Compl. ¶ 111 (copy attached as Ex. A to Pl's Mot. to Amend (Docket #8)).  Hence, the FBI is not presently requiring privacy waivers for any FOIA requests that are at issue in plaintiff's original complaint.

Nor has plaintiff identified any instance in which the FBI is currently requiring privacy waivers before processing FOIA requests for foreign nationals.  Plaintiff's declaration identifies only three other FOIA requests for information regarding foreign nationals for which FBI initially requested privacy waivers before processing.  See Decl. of Barbara Feinman ¶ 5 (copy attached as Ex. C to Pl's Mot. to Amend (Docket #8)).  Plaintiff, however, acknowledges that the FBI agreed to process those requests at the administrative level, without plaintiff even needing to submit an administrative appeal.  See id. ¶¶ 5-9.

## ARGUMENT

I.  **Standard of Review for Amendment of Pleadings**

The Federal Rules of Civil Procedure permit the pretrial amendment of a complaint after an answer has been filed in two instances. See Fed. R. Civ. P. 15(a)(2). First, amendment is permitted through consent of the opposing party. See id. Second, a complaint may be amended by leave of court. See id. When leave of court is required, such leave should be freely given when justice so requires, see id., and a court's decision to allow amendment is discretionary, see Foman v. Davis, 371 U.S. 178, 182 (1962).

With respect to a court's exercise of discretion in granting leave to amend, it is well established that where amendment is futile, it should be denied. For instance, when a proposed amendment cannot survive a motion to dismiss, the motion to amend should be denied. See, e.g., James Madison Ltd. ex rel. Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."); Bolden v. Ashcroft, 515 F. Supp. 2d 127, 136 (D.D.C. 2007) ("The inability of the proposed claims to survive a motion to dismiss provides a valid ground for denying a motion to amend the complaint."). Likewise, when a court would lack jurisdiction over the proposed amendments, it is proper to deny the amendments on futility grounds. See, e.g., Merida Delgado v. Gonzales, 428 F.3d 916, 921 (10th Cir. 2005) (affirming the district court's denial of motion to amend where amendment would not survive jurisdictional challenge); Donovan v. Gober, 5 F. Supp. 2d 142, 150 (W.D.N.Y. 1998) (denying a motion to amend where the Court would not have jurisdiction over the proposed amended complaint). Finally, when a plaintiff would lack standing to proceed with an amended complaint, the proposed amendment should be denied as futile. See, e.g., Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d

930, 945 (D.C. Cir. 2004) (affirming the denial of a motion to amend where plaintiff would lack standing for the amended count).

**II.     Amendment of Plaintiff's Complaint Would Be Futile.**

Plaintiff lacks standing to pursue her proposed amended count. Specifically, plaintiff has no injury in fact because the FBI has agreed to process plaintiff's FOIA requests without the need for her to submit privacy waivers. Although it is obvious that plaintiff wishes to litigate further against the FBI, she cannot do so here, where she has not been injured by the FBI's decisions, which have agreed to process her FOIA requests without requiring privacy waivers. In short, plaintiff cannot create an actionable controversy where none exists.

For a federal court to have jurisdiction, an Article III case or controversy must exist. See Moms Against Mercury v. Food & Drug Admin., 483 F.3d 824, 826 (D.C. Cir. 2007); Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Baily Circus, 246 F.R.D. 39, 42 (D.D.C. 2007). As the Supreme Court has explained, "[o]ne component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now familiar elements of injury in fact, causation, and redressability." Lance v. Coffman, 549 U.S. 437, 439 (2007); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The injury in fact requirement demands that a plaintiff suffer a concrete and particularized injury that is actual or imminent, and not conjectural or hypothetical. See Lujan, 504 U.S. at 560; Nat'l Treasury Employees Union v. United States, 101 F.3d 1423, 1427 (D.C. Cir. 1996).

As a jurisdictional requirement, the standing analysis is done as of the time that the pleading was filed. In the words of the Supreme Court, "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v.

Torrance, 9 Wheat. 537, 539 (1824)). In the case of amendments to pleadings, jurisdiction is evaluated at the time of the amendment. See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007) (using the amended complaint as the basis for evaluating jurisdiction). Applied here, where plaintiff seeks leave to file an amended complaint, her standing must be evaluated based on events at the time of such leave.

Plaintiff has no injury in fact at present; the FBI is processing her FOIA requests without privacy waivers. The FBI originally would not process plaintiff's FOIA requests for information regarding foreign nationals in Counts 5 and 6 without privacy waivers. See Decl. of Bradley Moss ¶ 6 (copy attached as Ex. B to Pl's Mot. to Amend (Docket #8)). However, after reviewing those requests early on in this litigation, the FBI decided to process those requests, and it is presently doing so. See id. Thus, at the time of seeking leave to amend, plaintiff has no injury because the FBI has agreed to process her FOIA requests in Counts 5 and 6.

Plaintiff also points to three of her other FOIA requests for which the FBI originally requested privacy waivers. See Decl. of Barbara Feinman ¶ 5 (copy attached as Ex. C to Pl's Mot. to Amend (Docket #8)). However, the FBI also agreed to process those requests, and that agreement was achieved at the administrative level – without so much as the need for an administrative appeal. Hence, at the time plaintiff seeks leave to amend, there is no action by the FBI which amounts to a standing refusal to process FOIA claims for foreign nationals without privacy waivers. See id. ¶ 8.

Finally, plaintiff alleges that she thinks that the FBI will continue to request privacy waivers before processing FOIA requests. See Decl. of Barbara Feinman ¶¶ 5-9 (copy attached as Ex. C to Pl's Mot. to Amend (Docket #8)). Plaintiff's suspicion, however, is nothing more than conjecture as to future events and does not suffice for standing. The D.C. Circuit has made

5

this point clear:

> Abstract theory and conjecture are not enough to support standing, however. The Supreme Court has repeatedly rejected the notion that a finding of standing may be based on such "unadorned speculation."

Nat'l Wrestling Coaches Ass'n, 366 F.3d at 944 (D.C. Cir. 2004) (quoting Simon v. E. Ky. Welfare Rights Org.,426 U.S. 26, 44 (1976)).[1]  Thus, plaintiff can speculate about how the FBI will treat future FOIA requests, but that does not create the "actual or imminent" injury needed for standing.  See Lujan, 504 U.S. at 560.

In sum, plaintiff suffers no present injury to sustain her proposed addition of Count 15, and therefore her request to amend her complaint should be denied.[2]

### III. Plaintiff Cannot Cure Her Lack of an Injury In Fact By Resort to Mootness and Ripeness Principles.

Plaintiff devotes the majority of her brief to a discussion of mootness and ripeness principles in an apparent attempt to justify the amendment of her complaint.  See Pl's Mot. to Amend at 4-11 (Docket #8).  But, those principles are not the reasons why plaintiff's proposed amendment is futile.  Rather, as explained above, plaintiff's proposed addition of an APA count is futile because plaintiff lacks standing to bring such a count.

Put another way, without an injury in fact sufficient for standing, plaintiff's proposed amendment is futile – regardless of whether plaintiff can satisfy mootness and ripeness tests.

---

[1]  Even if the FBI were to require a privacy waiver from plaintiff at some future date, that decision would depend on the precise details of plaintiff's FOIA request for third-party information.  And, without a decision not to process such a FOIA request (and without knowing the particular circumstances of that denial), there is no standing to entertain a hypothetical challenge at this point.

[2]  In addition to futility, it is hardly in the interests of justice to permit plaintiff to expand her case after the FBI took action to satisfy and accommodate the substance of her claims, which sought processing of the FOIA requests at issue in Counts 5 and 6.

The D.C. Circuit has explained this point:

> The doctrines of standing, ripeness, and mootness . . . all derive from the "case or controversy" requirement of Article III. If any one of them is not satisfied, then the court is without jurisdiction over the suit and has no occasion – indeed may have no authority – to consider the others.

Spirit of the Sage Council v. Norton, 411 F.3d 225, 230 (D.C. Cir. 2005) (citations omitted).

Nor do mootness or ripeness principles apply here. Mootness exists only when the standing elements were originally satisfied and have ceased to be present. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (explaining mootness as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" (quoting U. S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)))); see also Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990). Here, however, at the time of the filing of her amended complaint, plaintiff has no injury in fact. Thus, neither of the exceptions to mootness such as voluntary cessation and escaping review but capable of repetition have any application here, where standing never existed. See Renne v. Geary, 501 U.S. 312, 320 (1991) (explaining that the mootness doctrine "will not revive a dispute which became moot before the action commenced").[3] Similarly, without an injury sufficient for standing, a claim cannot be ripe for review. The ripeness doctrine has a constitutional dimension that overlaps with the standing doctrine's requirement for an injury in fact, and without an injury in fact, the Article III

---

[3] Nor could either of these exceptions apply here. This matter does not evade review because plaintiff has sufficient time to challenge an agency's FOIA determinations – in fact the FOIA itself expressly sets for the procedures for obtaining review of an agency's FOIA determinations. Similarly, the voluntary cessation exception does not apply because plaintiff has supplied nothing other than speculation that the FBI would not process FOIA requests for third-party information without a privacy waiver.

components of the ripeness doctrine are not satisfied. See DKT Mem'l Fund Ltd. v. Agency for Int'l Dev., 887 F.2d 275, 297 (D.C. Cir. 1989) (explaining that "the constitutional requirement for ripeness is injury in fact"). Without an injury in fact, plaintiff's claim is constitutionally unripe, and her arguments regarding the prudential components of ripeness (fitness for judicial decision and substantial hardship) cannot cure that defect.[4]

Put simply, plaintiff's request to amend her complaint is futile, not necessarily due to the mootness and ripeness doctrines, but because plaintiff fails to allege an injury in fact necessary for Article III.

## CONCLUSION

For the foregoing reasons, plaintiff's motion should be denied.

Dated: April 9, 2009                    Respectfully submitted,

                                        MICHAEL F. HERTZ
                                        Acting Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        ELIZABETH J. SHAPIRO
                                        Deputy Branch Director

                                           /s/ *Peter J. Phipps*
                                        PETER J. PHIPPS
                                        United States Department of Justice

---

[4] Plaintiff's ripeness analysis focuses solely on the prudential components of ripeness, see Pl's Mot. to Amend at 8-11 (Docket #8), and ignores the constitutional requirements. In that vein, plaintiff's most cited case, Better Government Association v. Department of State, 780 F.2d 86 (D.C. Cir. 1986), addresses only those prudential ripeness concerns to which plaintiff limits her analysis, and it expressly disavows any holding on the constitutional components of the ripeness doctrine. See id. at 92 ("Although it is true that 'ripeness law overlaps at its borders with Article III requirements of case or controversy,' its application in the present case implicates the doctrine in only its prudential aspects." (quoting Eagle-Picher Indus., Inc. v. EPA, 759 F.2d 905, 915 (D.C. Cir. 1985))).

        Civil Division, Federal Programs Branch
        Tel: (202) 616-8482
        Fax: (202) 616-8470
        peter.phipps@usdoj.gov

        <u>Mailing Address:</u>
        Post Office Box 883
        Washington, D.C.  20044

        <u>Courier Address:</u>
        20 Massachusetts Ave., N.W.
        Washington, D.C. 20001

        Attorneys for Defendants