UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARBARA FEINMAN,

    Plaintiff,

v.                                                    Case No. 08-2188 (EGS)

CENTRAL INTELLIGENCE AGENCY,
et al.

    Defendants.

**BRIEF OF AMICUS CURIAE NATIONAL SECURITY ARCHIVE
IN SUPPORT OF PLAINTIFF BARBARA FEINMAN'S MOTION
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

The National Security Archive (the "Archive" or "*amicus*") respectfully submits this Brief of *Amicus Curiae* in Support of Plaintiff Barbara Feinman's Motion for Leave to File First Amended Complaint.

**INTEREST OF THE *AMICUS CURIAE***

The National Security Archive is an independent, non-governmental research institute and library located at the George Washington University that collects and publishes declassified documents, concerning United States foreign policy and national security matters, obtained through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As part of its mission to broaden access to the historical record, the Archive is a leading user of the FOIA. In addition, through litigation and public advocacy, it works to defend and expand public access to government information.  In its 20-year history, the Archive has made over 35,000 FOIA

requests to more than 40 government agencies, including several hundred requests to the Federal Bureau of Investigation (FBI).

*Amicus'* interest in this case is to ensure that the FBI and other agencies are not permitted to indiscriminately demand privacy waivers from every requester who seeks information about an individual, but instead must conduct the appropriate balancing of public interest and privacy required under the FOIA. The Archive makes dozens of FOIA requests to the FBI each year, and has regularly encountered demands for privacy waivers as roadblocks to the lawful processing of those requests. Because review of the FBI's unlawful privacy waiver policy can be easily mooted by the agency's withdrawal of its demand for a waiver in a particular case, and because many FOIA requests do not ever get presented to a court for consideration, this Court should grant Plaintiff's motion for leave to amend her complaint so that the Court can clarify the proper standards under which the FBI can require a privacy waiver before processing a request.

## ARGUMENT

Plaintiff seeks to amend her complaint in this case in order to incorporate a new claim challenging the FBI's regular policy of requiring FOIA requesters to provide signed privacy waivers in every instance from individuals about whom they are seeking records. The FBI applies this policy indiscriminately when it receives a FOIA request naming an individual, including in response to requests such as Plaintiff's where the subject of the request is a foreign national widely known to be an Al-Qaeda terrorist.

The National Security Archive files dozens of requests with the FBI each year, including 24 requests in 2008. In response to three of these requests, all of which concerned individuals, the FBI responded that it would not process the requests without a signed privacy waiver from

2

the individuals. In one of these cases, the individual was deceased and the Archive submitted proof of his death; this request is still pending with the FBI. Because the Archive was unable to secure the requested waivers in the other two cases, the requests were closed without processing. Declaration of Yvette M. Chin at ¶ 4 ("Chin Decl."), attached as Ex. 1.

This practice is not unique to the FBI, but is common at other Department of Justice (DOJ) components and agencies with law enforcement functions. In particular, the Archive has encountered a similar policy at the Drug Enforcement Agency (DEA). Last year, the Archive submitted 46 FOIA requests to DEA, of which 16 were closed pursuant to that agency's privacy waiver policy after the Archive failed to submit the requested waivers. Chin Decl. ¶ 5.

The DOJ has issued clear guidance to agencies describing the limited circumstances in which the agencies may refuse to process a FOIA request without a signed privacy waiver pursuant to a so-called "Glomar" claim. *See* Dep't of Justice, "Privacy 'Glomarization,'" FOIA Update, Vol. VII, No. 1 (1986). In that guidance, DOJ stated that agencies may not use the Glomar response—neither confirming nor denying that records about the individual exist—"if it is determined that a federal investigation involving the individual is so well known to the public that his or her privacy interest is diminished, or that it was conducted under such circumstances that the privacy interest is outweighed by the public interest." *Id.*

As in this case, where the FBI sought a privacy waiver before it would agree to conduct a search or acknowledge the existence of any records about al-Qaeda terrorists Richard Reid and Khalid Sheikh Mohammed, the Archive's experience is that the FBI does not reach the point of considering that issue because they mechanically require a privacy waiver. FOIA requesters are left with the option of suing to change the requirement in their individual case, but that is not an option that serves the interests of justice or the efficiency of the FOIA system.

This Court should permit Plaintiff to amend her complaint and consider the challenge to Defendant FBI's privacy waiver policy. Without direction from a federal court, the FBI will continue unlawfully to demand privacy waivers from countless requesters, thereby blocking them from obtaining information to which they are entitled under the FOIA. Moreover, agencies can easily act to avoid review of this practice in court, as the FBI did in this case, by withdrawing the privacy waiver demand when the requester files suit.

## CONCLUSION

Accordingly, for the reason stated herein, the Court should grant Plaintiff's motion for leave to file first amended complaint and permit plaintiff to argue her claim regarding the FBI categorical privacy wavier policy.

Dated: April 17, 2009                    Respectfully submitted,

                                         /s/ Kristin L. Adair
                                         Meredith Fuchs (D.C. Bar No. 450325)
                                         Kristin L. Adair (D.C. Bar No. 501144)
                                         The National Security Archive
                                         Gelman Suite 701
                                         2130 H Street, NW
                                         Washington, DC 20037
                                         Tel: (202) 994-7000
                                         *Counsel for Amicus Curiae*
                                         *National Security Archive*

4

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA FEINMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2188 (EGS) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF YVETTE M. CHIN

I, Yvette M. Chin, declare as follows:

1. I am the Freedom of Information Coordinator at the National Security Archive ("Archive"). In that capacity, I am responsible for the maintenance of the Archive's FOIA request database, which tracks every FOIA request submitted by the Archive from the organization's founding in 1985 through today. This Microsoft Access database includes, among other data fields, the date, agency, subject, correspondence history, exemptions invoked and status of each FOIA request. The statistics reported in this Declaration are directly derived from the database.

2. To determine the number of Archive requests that encountered a request for a privacy waiver or proof of death before processing, I first searched for all requests submitted to the Federal Bureau of Investigation (FBI) in 2008.

3. I then reviewed each request and its correspondence history to determine if the agency had requested a privacy waiver or proof of death before processing the request. I also reviewed our responses to the request for privacy waivers.

4. According to Archive's database, in 2008, the Archive made twenty-four requests to the FBI. Of

1

2

these twenty-four, the FBI requested privacy waivers or proof of death in three cases. One individual was deceased, and the Archive submitted proof of death to the FBI. The Archive could not submit privacy waivers or proof of death for the remaining two cases. Accordingly, the FBI closed those two requests without further processing.

5. Likewise, the Archive submitted forty-six requests to the Drug Enforcement Agency (DEA). Of these forty-six, the DEA requested privacy waivers or proof of death in sixteen cases. The Archive could not submit privacy waivers or proof of death in these sixteen cases, and these cases were closed by the DEA without further processing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2009.

_____
Yvette M. Chin