UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA FEINMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:08cv02188 |
| ) | |
| v. ) | Hon. Emmet G. Sullivan |
| ) | |
| CENTRAL INTELLIGENCE AGENCY ) et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SURREPLY MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants file this surreply in response to the multiple filings and declarations submitted with and after plaintiff's reply brief. Plaintiff filed a reply brief that attached a new declaration (Docket #11); an amicus brief was also filed, with a new declaration (Docket #10); and, finally, plaintiff filed another supplemental declaration. (Docket #12).

Despite this docket activity, plaintiff's motion to amend is futile and should be denied. As set forth in defendants' memorandum in opposition, plaintiff has no actual injury because she has no pending FOIA requests that have been denied for lack of a privacy waiver. See Defs' Mem. in Opp. at 4-6 (Docket #9). The fact that other persons may have made FOIA requests and been asked for a privacy waiver is irrelevant – it is black letter law that *the plaintiff* must sustain a concrete and particularized injury to have standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, plaintiff has no present injury because the FBI has previously agreed to process plaintiff's FOIA requests without privacy waivers. Nor do the additional declarations, such as the outdated statement of a former FBI employee, Scott Hodes, who left the FBI in 2003, change the analysis. The bottom line is the same – the FBI agreed to

process plaintiff's FOIA requests without the need for privacy waivers before plaintiff sought to amend her complaint. In short, because plaintiff has no present injury, amendment is futile, and plaintiff's motion should be denied.[1]

Also, to sustain the necessary injury in fact, plaintiff has to show not only that FBI requested a privacy waiver, but also that FBI ultimately improperly withheld the underlying records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980) (explaining that under FOIA, "federal jurisdiction is dependent upon a showing that an agency has 'improperly'; (2) 'withheld'; (3) 'agency records'"). As explained above, plaintiff cannot presently show such an injury for her own FOIA requests, which FBI has agreed to process. Nor can plaintiff use the FOIA requests *by other persons* as a basis for her amended complaint. To prove an injury in fact in those instances, plaintiff would have to look to the substance of those FOIA requests by other persons, who are not parties to this suit, and assess whether or not there was any wrongful withholding of agency records. Plaintiff makes no attempt at such proof. Thus, plaintiff's attempt to rely on other persons' FOIA requests to sustain her proposed amended complaint is materially deficient – even assuming that somehow the experiences of other FOIA requesters could confer standing on plaintiff.

Finally, it is incorrect to inject mootness principles into this analysis. Mootness applies only where an injury existed at the time of filing, but ceased to exist. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997); see also Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990). For amended complaints, the injury is evaluated at the time of the

---

[1] As previously explained, these same arguments also defeat ripeness arguments, to the extent that plaintiff still asserts any. See Defs' Mem. in Opp. at 7-8 (Docket #9). Put simply, without an injury in fact, plaintiff's proposed amendment is not constitutionally ripe. See DKT Mem'l Fund Ltd. v. Agency for Int'l Dev., 887 F.2d 275, 297 (D.C. Cir. 1989) (explaining that "the constitutional requirement for ripeness is injury in fact").

proposed amendment – a point of law plaintiff does not dispute. See Pl's Reply Mem. at 4, n.1; see also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007). Thus, because at the time plaintiff seeks to amend her complaint she has no FOIA requests that have been denied due to a lack of a privacy waiver, there is no injury sufficient for standing, and thus mootness principles cannot apply.

For the foregoing reasons as well as those raised in defendants' memorandum in opposition, plaintiff's motion to amend should be denied.

Dated: May 6, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

　　　/s/ *Peter J. Phipps*
PETER J. PHIPPS
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8482
Fax: (202) 616-8470
peter.phipps@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

Attorneys for Defendants