```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                               )
BARBARA FEINMAN,               )
                               )
            Plaintiff,         )
                               )
     v.                        )    Civ. Action No. 08-2188 (EGS)
                               )
CENTRAL INTELLIGENCE           )
AGENCY, et al.,                )
                               )
            Defendants.        )
_____)
```

## MEMORANDUM OPINION AND ORDER

Barbara Feinman ("Plaintiff") brings this action against eight different federal agencies[1] under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Plaintiff seeks disclosure of agency records pertaining to the 2002 kidnapping and murder of *Wall Street Journal* reporter Daniel Pearl ("Pearl"). Currently pending before this Court are Plaintiff's Motion for Leave to File an Amended Complaint and Defendants' Motion for Partial Summary Judgment on three counts in the original complaint, all of which relate to information requested from the Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI"). Upon consideration of the motions, the

---

[1]  The fourteen-count complaint names the Central Intelligence Agency, Federal Bureau of Investigation, Department of Defense, Department of State, Department of Justice, Department of the Treasury, Defense Intelligence Agency, and U.S. Central Command.  Compl. ¶¶ 4-11.  The pending motion for partial summary judgment relates only to the Federal Bureau of Investigation and the Department of Justice.

1

responses and replies thereto, the applicable law, and the entire record, and for the reasons stated below, this Court **DENIES** Plaintiff's motion for leave to amend and **GRANTS** Defendants DOJ and FBI's motion for partial summary judgment.

## I. BACKGROUND

Plaintiff, an Associate Dean at Georgetown University's School of Continuing Studies, serves as co-director of The Pearl Project, which currently operates as part of The Center for Public Integrity.[2] Compl. ¶¶ 12, 14. This action arises out of requests for records regarding Pearl's 2002 kidnapping and death, which were made by Plaintiff on behalf of The Pearl Project. The facts described below relate only to the motions currently pending before the Court.

On September 17, 2008, Plaintiff submitted a FOIA request to the FBI seeking access to "copies of any communications and documents, including but not limited to reports, teletypes, e-emails, and memorandums and including all cross-references" pertaining to the Al Rashid Trust, Al Akhtar Trust or Al Akhtar Trust International, and Aid Organization of the Ulema. *Id*. ¶

---

[2] The Pearl Project was originally created in August 2007 as an investigative journalism seminar in the Master of Professional Studies program housed in Georgetown University's School of Continuing Studies. Compl. ¶ 12. The purpose of the project was to investigate the circumstances surrounding the death of Pearl, an American citizen and *Wall Street Journal* reporter, who was kidnapped and murdered while reporting from Karachi, Pakistan in 2002. *Id*. After the course at Georgetown University concluded, the Pearl Project was moved to the Center for Public Integrity, a nonprofit, nonpartisan organization whose mission is "to produce original investigative journalism about significant public issues to make institutional power more transparent and accountable." *Id*. ¶ 14.

67; Decl. of David M. Hardy ("Hardy Decl.") at Ex. A (copy attached to Defs.' Statement of Material Facts as Ex. 3). The FBI responded to Plaintiff's request on September 26, 2008, informing her that it had conducted a search of relevant automated indices and failed to locate any responsive records. Hardy Decl. at Ex. B.

In its response letter, the FBI notified Plaintiff that she could appeal the agency's determination by submitting an administrative appeal to the Department of Justice Office of Information and Privacy ("DOJ-OIP") within sixty days. *Id*. The letter included an address for DOJ-OIP to which such appeals should be directed. *Id*. Plaintiff intended to contest the FBI's determination, and submitted an administrative appeal on November 11, 2008. Compl. ¶ 71. Although she drafted an appeal letter correctly addressed to the DOJ-OIP, Plaintiff's administrative assistant faxed the letter to the FBI FOIA office, not the DOJ-OIP. Pl.'s Mem. Opp'n Defs.' Mot. Partial Summ. J. ("Pl.'s Summ. J. Opp'n") at 5.

Accordingly, the DOJ-OIP had no record of receiving an administrative appeal regarding the FBI's September 26, 2008 response to Plaintiff's September 17, 2008 FOIA request. Hardy Decl. ¶ 4. On December 17, 2008, believing she had constructively exhausted all required administrative remedies when twenty working days elapsed without a determination of her

appeal, Plaintiff brought suit in this Court. Compl. ¶¶ 72-73. Defendants filed an answer to the complaint on February 4, 2009. The filing of the two pending motions, both of which are now ripe for decision, followed.[3]

## II. Standard of Review

### A. Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) gives courts discretion to grant leave to file an amended pleading, instructing that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend thus lies in the sound discretion of the district court, but denial of leave to amend constitutes an abuse of discretion "unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Denial of a motion to amend the complaint on futility grounds, moreover, is

---

[3] Further background relevant to the motions is discussed as necessary in the sections below.

appropriate where the plaintiff lacks standing to bring the proposed claim. *See Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004).

**B. Rule 56**

Summary judgment may be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324.

**III. DISCUSSION**

**A. Motion for Leave to File an Amended Complaint**

Plaintiff seeks to amend the complaint to include a claim based on the Administrative Procedure Act ("APA"). Specifically, Plaintiff wishes to challenge the FBI's policy of requiring Plaintiff, "or anyone else for that matter, to provide signed

5

privacy waivers from foreign nationals" about whom a requester seeks records before the agency will begin processing the FOIA request. Pl.'s Mem. Supp. Am. Compl. ("Pl.'s Am. Compl. Mem.") at 2. In addition, Plaintiff seeks to add two additional prayers for relief, requesting "an immediate cessation of the policy by the FBI and a declaration that the policy itself is unlawful." *Id.* at 2 & Ex. 2.

Defendants filed an opposition to Plaintiff's motion for leave to amend on April 9, 2009. On April 17, 2009, Plaintiff filed a reply and the National Security Archive ("NSA") - an independent, non-governmental research institute located at George Washington University - sought leave to file an *amicus* brief in support of Plaintiff's motion. On April 22, 2009, Plaintiff sought leave to file a declaration by her attorney, Mark Zaid, in further support of her motion. This Court granted both NSA and Plaintiff leave to file and gave Defendants until May 6, 2009 to file a surreply, which Defendants did.

Plaintiff devotes most of her opening brief to arguing that the proposed APA claim is not moot, s*ee* Pl.'s Am. Compl. Mem. at 4-8, and the remainder to asserting that the claim is ripe. *See id.* at 8-11. Defendants, however, oppose Plaintiff's motion on the basis that amendment of the complaint would be futile not because of mootness or ripeness, but rather because they contend that she lacks *standing* to assert the APA claim. *See* Defs.' Mem.

Opp'n Pl.'s Mot. Am. Compl. ("Defs.' Am. Compl. Opp'n") at 4. Indeed, Defendants explicitly reject the notion that their futility argument rests on mootness or ripeness principles. *Id.* at 6. This Court agrees with Defendants as to the relevant jurisdictional inquiry under these circumstances, and will therefore address only the issue of whether Plaintiff has standing to bring her APA claim.

In order for this Court to have jurisdiction over Plaintiff's claim, there must be a case or controversy within the meaning of Article III of the U.S. Constitution. *See Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 826 (D.C. Cir. 2007). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Defendants contend that Plaintiff lacks standing because at the time she filed the motion to amend the complaint, she had not suffered an injury in fact.[4]

An injury in fact exists where plaintiff has suffered the "an invasion of a legally protected interest which is (a)

---

[4] Because subject matter jurisdiction must be evaluated at the time the action was brought, this Court must evaluate standing from the time the motion for leave to amend the complaint was filed. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

7

concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). According to Defendants, "because the FBI has agreed to process plaintiff's FOIA requests without the need for her to submit privacy waivers," Plaintiff has not been injured by the FBI's alleged policy of requiring such waivers. Defs.' Am. Compl. Opp'n at 4. Defendants further argue that Plaintiff's contention that the FBI will continue requiring privacy waivers before processing FOIA requests is merely "conjecture as to future events [that] . . . does not suffice for standing." *Id.* at 5; *see also Nat'l Wrestling Coaches Ass'n*, 366 F.3d at 944 ("Abstract theory and conjecture are not enough to support standing, however. The Supreme Court has repeatedly rejected the notion that a finding of standing may be based on such unadorned speculation." (internal quotation marks omitted)).

In her reply, Plaintiff contends that Defendants have "misse[d] the point" of the injury-in-fact requirement. Mem. Reply Defs.' Opp'n Mot. Am. Compl. ("Pl.'s Am. Compl. Reply") at 4, 8-9. She contends that in order to demonstrate an injury in fact, all she must show is that "she suffered a concrete injury as a result of the FBI's conduct and that the harm is continuing and adverse in that even a good faith application of the FBI's policy in the future will still result in the same illegal

conduct occurring yet again." *Id*. at 4. Plaintiff claims that she has made such a showing because, as a result of the FBI's refusal to begin processing her FOIA requests, she was deprived of her statutory right to a search for and copies of non-exempt responsive records. *Id*. at 4-5. Furthermore, according to Plaintiff she has demonstrated "a likelihood that she will be subjected to similar illegal conduct by the FBI with respect to future FOIA requests."[5] *Id*. at 5. Plaintiff also argues that the resolution of these particular FOIA requests is irrelevant, because "[i]t is the legality of th[e] policy itself, not its specific application to a particular FOIA request, which [Plaintiff] is attempting to challenge." *Id.* at 6-7.

A review of the pleadings and relevant caselaw makes clear that Plaintiff, not Defendants, has "missed the point" of the injury-in-fact requirement. Plaintiff's only claim of a

---

[5] Indeed, the entire purpose of the additional declaration filed by Mark Zaid in support of Plaintiff's motion appears to be an attempt to adduce additional evidence in this regard. The declaration explains that Mr. Zaid "arranged for an individual to submit a new FOIA request to the FBI for records pertaining" to a suspected member of Al Qaeda. Decl. ¶ 7. In response, the FBI sent a letter identical to the one originally sent to Plaintiff, which according to Mr. Zaid demonstrates how "obvious" it is that the FBI maintains the allegedly unlawful policy that the amended complaint seeks to challenge. *Id*. ¶ 9. But Defendants' surreply concisely and persuasively explains why another individual's experience with the FBI has absolutely nothing to do with whether Plaintiff has standing to assert the APA claim she now seeks to include in her complaint. *See* Defs.' Surreply at 1 ("The fact that other persons may have made FOIA requests and been asked for a privacy waiver is irrelevant – it is black letter law that *the plaintiff* must sustain a concrete and particularized injury to have standing."). The *amicus* brief filed on Plaintiff's behalf is similarly unilluminating, because although it buttresses Plaintiff's contention that the FBI – and apparently other DOJ components – maintains the alleged policy and applies it "indiscriminately," *Amicus* Br. at 2, it sheds no light on the relevant legal question – whether *this* plaintiff has standing to bring *this* claim in *this* case.

9

concrete, particularized harm is that she was deprived of a statutory entitlement when the FBI refused to begin processing her FOIA requests. But Plaintiff acknowledges that the FBI changed its position and began processing her requests before she ever filed her motion to amend the complaint. Therefore, by the time Plaintiff's motion for leave to amend was filed, the injury she had allegedly sustained no longer existed.

Plaintiff's argument that she has demonstrated a sufficient likelihood of being subjected to the FBI's illegal policy is similarly unpersuasive. Aside from the self-serving statement that Plaintiff will file more FOIA requests in the future, there is simply nothing in the record the Court could rely on – aside from "unadorned speculation" – to conclude that Plaintiff herself is likely to be subjected to the FBI's alleged policy or practice again. And Plaintiff's assertion that she wishes to challenge the legality of the policy itself rather than a particular application of that policy does not permit her to simply sidestep the constitutional standing requirement. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983) (holding that plaintiff lacked standing to challenge the city's allegedly unconstitutional policy of using chokeholds, and concluding that his claim of having previously been subjected to the policy was insufficient to confer standing to challenge future applications of that policy).

This Court recognizes that Plaintiff likely had standing to bring her APA claim when she originally filed the complaint. But for the reasons explained above, she no longer had standing to bring this claim at the time she sought leave to amend her complaint. Therefore, this Court **DENIES** Plaintiff's motion for leave to amend on the basis that amendment of the complaint would be futile.

### B. Motion for Partial Summary Judgment

Also pending before the Court is Defendants' motion for summary judgment on Counts 7, 10, and 11 of Plaintiff's original complaint. Defendants argue in that motion that (1) the DOJ conducted adequate searches in response to the FOIA requests at issue in Counts 10 and 11 of the complaint; and (2) Plaintiff failed to exhaust the administrative appeals process with respect to Count 7. Defs.' Mem. Supp. Mot. Summ. J. ("Defs.' Summ. J. Mem.") at 1, 5. Plaintiff concedes that summary judgment is appropriate for Defendant on Counts 10 and 11. *See* Pl.'s Summ. J. Opp'n at 1 n.1. Therefore, summary judgment is **GRANTED** in favor of Defendants on these counts. The remainder of the Court's analysis will focus on only whether Defendant is entitled to summary judgment on Count 7.

### 1. Statutory and Regulatory Background

Before bringing a lawsuit challenging the handling of a FOIA request, litigants must exhaust all administrative remedies. *See*

*Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004). The D.C. Circuit has thus held that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under [the] FOIA." *Id*. (internal quotation marks omitted). Exhaustion of remedies requires complying with the administrative appeals process set forth in both the statutory text of the FOIA and applicable agency regulations. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii) (outlining statutory appeals process); *Smith v. FBI*, 448 F. Supp. 2d 216, 220 (D.D.C. 2006) ("In a FOIA case, a plaintiff must exhaust the administrative appeal process set forth in 5 U.S.C. § 552(a)(6)(A) before seeking judicial review of a FOIA denial.").

A requester who is unhappy with an "adverse determination" relating to a FOIA request made to the FBI, a component of the DOJ, must file an appeal with the DOJ-OIP:

> If you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001. You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request.

28 C.F.R. § 16.9(a).

Although the exhaustion requirement is not an absolute jurisdictional bar, *see Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), the D.C. Circuit has consistently deemed exhaustion a procedural requirement to bringing a FOIA lawsuit. *See, e.g.,*

*Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61-62 (D.C. Cir. 1990)("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."). Consequently, a plaintiff who fails to exhaust administrative remedies will be subject to summary judgment in any subsequent judicial proceeding. *See Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 140 (D.D.C. 2008) ("Because there is no genuine dispute that plaintiff did not exhaust his administrative remedies with respect to . . . the FBI prior to filing this lawsuit, [the agency is] entitled to judgment as a matter of law.").

### 2. Application to the Instant Case

The parties agree that the FBI responded to Plaintiff's request for records on September 26, 2008, indicating that searches of all automated indices located no responsive results and that she would be able to file an administrative appeal with the DOJ-OIP. *Id*. Plaintiff was provided with an address for the DOJ-OIP, to which appeals could be sent within sixty days. *Id*. Defendants argue that Plaintiff failed to exhaust her administrative remedies because she failed to send a written appeal to DOJ-OIP within this time frame.

Plaintiff acknowledges that she failed to appeal directly to the DOJ-OIP, but argues that her "properly drafted and addressed administrative appeal" inadvertently faxed to the FBI FOIA Office

13

should have been accepted and forwarded to DOJ-OIP for processing, and that the existence of a genuine issue of material fact on this score precludes summary judgment for Defendants. In the alternative, Plaintiff contends that this Court should exercise its discretion and excuse any failure to exhaust administrative remedies. The Court will address each of these arguments in turn.

### a. Inadvertent Error

Plaintiff asserts that because 28 C.F.R. § 16.9(a) is silent regarding improperly faxed administrative appeals, there is no indication that her misdirected appeal would not be accepted by the FBI and forwarded to the DOJ-OIP for processing. She therefore contends that "there remains a genuine issue of material fact regarding whether" she in fact failed to comply with the requirements of § 16.9(a). Pl.'s Summ. J. Opp'n at 6.

This argument misinterprets the scope of agency obligations under the FOIA. Indeed, the burden under the statute and regulations lies with the requester to properly submit the appeal for exhaustion so that any subsequent judicial review may commence. *See Williams v. McCausland*, No. 90-7563, 1994 WL 18510, at *4 (S.D.N.Y. Jan. 18, 1994) ("The burden of producing evidence of a proper appeal is on the person requesting documents under the FOIA." (internal quotation marks omitted)); 5 U.S.C. § 552(a)(3)(A)(ii) (requiring requester compliance with all agency

14

regulations); *Child Find. Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005) (dismissing a FOIA claim for failure to exhaust administrative remedies where the plaintiff mailed a request but failed to prove it was received by the relevant agency, reasoning that "[w]ithout any showing that the agency received the request, the agency has no obligation to respond to it").

Relatedly, Plaintiff contends that her appeal should be deemed filed because the "FBI's FOIA personnel are required to at least make a good faith attempt to confer with a FOIA requester to correct factual or procedural insufficiencies." Pl.'s Summ. J. Opp'n at 6. In support of this proposition, Plaintiff cites *Ruotolo v. Department of Justice Tax Division*, 53 F.3d 4, 10 (2d Cir. 1995), a case in which the court found that the DOJ Tax Division erred in failing to assist a requestor's FOIA effort under 28 C.F.R. § 16.3(b). *See* Pl.'s Summ. J. Opp'n at 6-7. But as Plaintiff acknowledges in a footnote, this provision is limited to requirements imposed on agency personnel addressing FOIA *requests*, not administrative appeals.[6] *Id*. at 6 n.3; *see*

---

[6] Plaintiff relies heavily on former President George W. Bush's Executive Order 13,392 in her failure-to-assist argument, pointing out that FOIA revisions were made to "ensure appropriate communication with FOIA requesters." Pl.'s Summ. J. Opp'n at 6-8 (quoting Exec. Order No. 13,392, § 2(c), 70 Fed. Reg. 75373 (Dec. 14, 2005)). This argument misconstrues the scope of Executive Order 13,392, which seeks to "ensure a service-oriented response to FOIA *requests* and FOIA-related *inquiries*" prior to agency decisions. 70 Fed. Reg. 75373 (emphasis added). The order attempts to open the channels of communication vis-à-vis FOIA requests, not to require pro-active assistance or inter-agency cooperation regarding administrative appeals. *Id*.

15

*Ruotolo*, 53 F.3d at 10 (acknowledging "the duty of the Tax Division to assist the [plaintiffs] in reformulating their request if it was thought that the request needed to be narrowed"). In short, Plaintiff fails to provide any support for the proposition that the FBI's receipt of an inadvertently faxed appeal triggered an affirmative duty to accept and forward the letter to the DOJ-OIP.

The Court also notes that the FBI provides a perfectly plausible reason for its inaction, namely, that there was no reason for the FBI FOIA Office to know that the fax it received was not a duplicate file or courtesy copy of an appeal correctly submitted to the DOJ-OIP. Defs.' Summ. J. Reply at 3-4. This legitimate explanation reinforces the conclusion that Plaintiff's non-compliance with 28 C.F.R. § 16.9(a) constitutes a failure to exhaust. Put simply, because there is no evidence that the appeal was received by the DOJ-OIP, there exists no genuine issue of material fact as to whether Plaintiff exhausted her administrative remedies.

---

Furthermore, revisions made to Title 28 of the Code of Federal Regulations do not weigh in Plaintiff's favor of a good faith obligation to assist on the part of the FBI. A previous codification of the FBI administrative appeals provision, 49 Fed. Reg. 12248 (Mar. 29, 1984), included an affirmative statement that "[a]n appeal not so addressed and marked [to the DOJ-OIP appeals department] will be forwarded to the Office of Information and Privacy as soon as it is identified." *Id*. Even then, the duty to assist only triggers when DOJ-OIP *receives* the appeal, or would have done so "with the exercise of reasonable diligence by Department personnel." *Id*. Current revisions to Title 28 regarding FOIA administrative appeals have removed all references to duties to forward, assist, or perform due diligence regarding the agency appeals process. *See* 28 C.F.R. § 16.9(a).

### b. Waiver of Exhaustion Requirement

Plaintiff argues in the alternative that any failure to exhaust administrative remedies should be excused, because permitting Defendants' "bureaucratic obfuscation" would undermine the principles behind FOIA regulations. Pl.'s Summ. J. Opp'n at 8-11. As noted above, exhaustion requirements under the FOIA are jurisprudential and therefore are not absolute bars to judicial review. *See Hidalgo*, 344 F.3d at 1258. "Nonetheless, as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Id*. at 1258-59 (quoting *Oglesby*, 920 F.2d at 61).

Permitting Plaintiff to bypass the administrative appeals process in this case would substantially undermine the purposes of exhaustion. Because the FBI never received Plaintiff's administrative appeal, the agency has neither had an opportunity to correct its own mistakes nor to compile a complete record. *See Oglesby*, 920 F.2d at 61 (noting that administrative exhaustion "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review" (citing *McKart v. United States*, 395 U.S. 185, 194 (1969))). Plaintiff has presented no evidence that a full administrative appeals process would be futile, and, by pointing out that she has already submitted a second, identical FOIA

request to the agency, essentially concedes that she is not prejudiced by the application of the exhaustion requirement.[7] For these reasons, the Court concludes that Plaintiff's failure to exhaust administrative remedies should not be excused and **GRANTS** Defendants' motion for summary judgment on Count 7 of the complaint.

**IV. Conclusion**

Accordingly, it is by the Court

**ORDERED** that Plaintiff's motion for leave to amend the complaint is **DENIED**; and it is

**FURTHER ORDERED** that Defendants' motion for summary judgment on Counts Seven, Ten, and Eleven is **GRANTED.**

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            August 6, 2009**

---

[7] The Court rejects Plaintiff's argument that her ability to file an identical request counsels in favor of permitting her to proceed on this claim in order to promote judicial economy. In fact, it is the exhaustion requirement that conserves judicial resources, permitting the full administrative appeals process to compile a record for proper adjudication and preventing premature litigation. *See Citizens for Responsibility & Ethics in Wash. v. Dep't of the Interior*, 503 F. Supp. 2d 88, 101 (D.D.C. 2007) ("Because the plaintiff failed to exhaust all administrative remedies . . . and in light of the fact that the plaintiff has the opportunity to file another FOIA request to obtain the information they are seeking, a balancing of the interests does not weigh in the plaintiff's favor.").